**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: clif[email protected]
        [email protected]
*Attorneys for Plaintiffs and*
*Opt-In Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Chauncey Alexander and Megan Krajewski**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Golden Margarita LLC**, an Arizona limited liability company; **Ardor Concepts LLC**, an Arizona limited liability company; and **Saraj Gem Ray and Jane Doe Ray**, a married couple,<br><br>Defendants. | No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Chauncey Alexander and Megan Krajewski ("Plaintiffs"), on behalf of themselves and all other persons similarly situated who are current or former employees of Defendants, by and through the undersigned attorneys, sues the Defendants, Golden Margarita, LLC; Ardor Concepts, LLC; and Saraj Gem Ray and Jane Doe Gem Ray, who are on information and belief a married couple (collectively, all Defendants are referred to as "Defendants" or "Golden Margarita"), and allege as follows:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**PRELIMINARY STATEMENT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      This lawsuit also arises under Arizona Minimum Wage Act ("AMWA") Arizona Revised Statutes ("ARS") § 23-363 for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

3.      This lawsuit also arises under the Arizona Wage Act ("AWA") for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned wages.

4.      Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Tipped Employees and Non-Tipped Hourly Employees of Defendants who were employed by Defendants at any time starting three years before this complaint was filed, up to the present.

5.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

6.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage due and owing to Plaintiffs and others similarly-situated in violation of ARS § 23-363.

7.     Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay wages due and owing to Plaintiffs and others similarly-situated in violation of ARS § 23-350, et seq.

8.     Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated Tipped Employees, current and former, of Defendants.  Members of the Collective Action who work or worked as Tipped Employees at any time starting three years before this complaint was filed are referred to as the "Tipped Collective Members."

9.     Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated Non-Tipped Hourly Employees, current and former, of Defendants. Members of the Collective Action who work or worked for Defendants at an hourly rate at or above the full applicable Arizona minimum wage, at any time starting three years before this complaint was filed are referred to as the "Non-Tipped Hourly Collective Members."

10.     Defendants' failure to compensate Plaintiff Megan Krajewski and all similarly-situated employees who worked as Tipped Employees at a rate equal to Arizona's required minimum wage violates ARS § 23-363.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action who work or worked as Tipped Employees at any time starting three years before this complaint was filed are referred to as the "Tipped Class Members."

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

11.     Defendants' failure to compensate Plaintiff Chauncey Alexander and all similarly-situated employees who worked as Non-Tipped Hourly Employees at a rate equal to Arizona's required minimum wage violates ARS § 23-363.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action who work or worked as Non-Tipped Hourly Employees at any time starting three years before this complaint was filed are referred to as the "Non-Tipped Hourly Class Members."

12.     Defendants own and operate a club-style bar and restaurant in Downtown Phoenix, Arizona that does business as "The Golden Margarita" and which is the subject of this lawsuit.

13.     The Golden Margarita is located in Downtown Phoenix, at 330 E. Roosevelt St., Phoenix, AZ 85004.

14.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

-4-

15. Under the FLSA, employers must inform their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations to be able to take a tip credit with respect to their tipped employees' wages.

16. Under the FLSA, employers must pay all non-exempt employees one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

17. The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek. This, in turn, means that an employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

18. The Arizona Minimum Wage Act, A.R.S. § 23-363, establishes a minimum wage within the State of Arizona. A.R.S. § 23-363 recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of $3.00 per hour.

19. The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour.

20.     The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.

21.     For example, the Arizona minimum wage in 2021 was $12.15.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $15.23.

22.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply the 2021 minimum wage of $12.15 by one and one-half, for a total minimum overtime wage of $18.23. If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum overtime hourly rate of $15.23.

23.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the 2021 minimum wage tip credit rate of pay of $9.15 by one and one-half times, for a total rate of $13.72, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $3.00 to $4.50 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

24.     Defendants imposed a tip credit upon all of their Tipped Employees, including Plaintiff Megan Krajewski and the Tipped Collective Members and the Tipped Class Members.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

25.     Defendants did not notify Plaintiff Megan Krajewski, or any of the Tipped Collective Members and the Tipped Class Members, of the provisions of 29 U.S.C. § 203(m) and its supporting regulations before imposing a tip credit on their wages. Therefore, Defendant did not pay Plaintiff or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363.

26.     Furthermore, Defendants subjected Plaintiff Megan Krajewski, the Tipped Collective Members and the Tipped Class Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit. Therefore, Defendants subjected Plaintiff Megan Krajewski and the Collective Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.  Such a practice resulted in Defendants imposing a tip credit upon Plaintiff and the Collective Members that exceeded the permissible $3.00 per hour under Arizona law and the FLSA.

27.     On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

28.     The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

29.     Defendants violated the CAA and FLSA by not allowing Plaintiff Megan Krajewski and the Tipped Collective Members to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

30.     Defendants violated the FLSA by making improper deductions from Plaintiff Megan Krajewski's and the Tipped Collective Members' wages, which brought their wages below the applicable minimum wage in at least one workweek during their employment with Defendants, in violation of 29 U.S.C. § 206(a).

31.     Defendants violated the AMWA by paying Plaintiff Megan Krajewski's and the Tipped Class Members a sub-minimum, tip-credit wages while making improper deductions from their paychecks which brought their wages below the applicable minimum wage in at least one workweek during their employment with Defendants, in violation of ARS § 23-363.

32.     Under the FLSA, the workweek as a whole is the standard for determining whether the employer has violated the statute.  29 C.F.R. § 776.4.  Accordingly, the FLSA's minimum wage provisions are violated if the employer fails to pay on payday. "The reality is that, under the FLSA, payment of minimum wages is late if not made on payday." *Mayweathers v. Iconic Results, LLC*, 2020 WL 8181700, at *2 (D. Ariz. Nov. 10, 2020), *citing Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993).

33.     Defendants engaged in the regular practice of paying paychecks otherwise owed to Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members late or non at all.

34.     Such a practice violated both the FLSA and AMWA's minimum wage provisions.

35.     Defendants engaged in the regular practice of using a biweekly, 80-hour threshold for paying overtime instead of the FLSA-required 40-hour workweek standard.

36.     In a given workweek, and during each and every workweek during which Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members worked for Defendants, Defendants failed to pay overtime properly.

37.     As such, Defendants subjected Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members to their policy and practice of failing to pay overtime for all hours worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

38.     Defendants violated the FLSA by paying making improper deductions from Plaintiffs' and the Collective Members' wages, which brought their wages below the applicable minimum wage in at least one workweek during their employment with Defendants, in violation of 29 U.S.C. § 206(a).

39.     Defendants violated the AMWA by making improper deductions from Plaintiffs' and the Class Members' wages, which brought their wages below the applicable minimum wage in at least one workweek during their employment with Defendants, in violation of ARS § 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## JURISDICTION AND VENUE

40.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Arizona law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

42.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

43.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

44.     Plaintiff Chauncey Alexander is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

45.     Plaintiff Chauncey Alexander was employed by Defendants and worked for the Golden Margarita from approximately August 2020 until approximately April 30,

2022. For the duration of her employment, Plaintiff Chauncey Alexander worked as both a Bar Manager and Human Resources Administrator for Defendants, earning an hourly rate slightly above the full applicable Arizona minimum wage.

46.    Plaintiff Chauncey Alexander serves in the capacity of a representative Plaintiff on behalf of the Non-Tipped Hourly Collective Members and the Non-Tipped Hourly Class Members for the time she spent working for Defendants as a Non-Tipped Hourly Employee.

47.    Plaintiff Megan Krajewski is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

48.    Plaintiff Megan Krajewski was employed by Defendants and worked for the Golden Margarita from approximately January 2022 until approximately April 30, 2022. For the duration of her employment, Plaintiff Megan Krajewski worked as a Tipped Employee, specifically as a server, for Defendants, earning an hourly rate below the full applicable Arizona minimum wage on account of her receipt of tips.

49.    Plaintiff Megan Krajewski serves in the capacity of a representative Plaintiff on behalf of the Tipped Collective Members and the Tipped Class Members for the time she spent working for Defendants as a server.

50.    Plaintiffs have given their written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), see Signed Consent Forms, attached as "**Exhibit A**."

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

51.     At all material times, the Tipped Class Members were paid by Defendants as tipped employees under the AMWA.  Defendants paid the Tipped Class Members less than the applicable Arizona minimum hourly wage on account of their receipt of tips.

52.     At all material times, Plaintiff Megan Krajewski, in her work for Defendants as a server, was paid an hourly rate of approximately $9.80, plus tips.

53.     At all material times, Plaintiff Megan Krajewski, in her work for Defendants as a server, worked approximately between 40 and 50 hours for Defendants in a given workweek.

54.     At all relevant times in her work for Defendants as a server, Defendants paid Plaintiff Megan Krajewski $9.80 per hour as a result of having imposed a "tip credit" on her wages on account of her receipt of tips.  At all relevant times, this rate of pay was at or below the Arizona minimum wage.  As such, any deduction from her wages necessarily would have resulted in their being paid less than the applicable hourly minimum wage rate.

55.     At all material times, Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members were paid by Defendants an hourly rate slightly above the applicable minimum wage, generally around $15 to $18 per hour.

56.     At all material times, Plaintiff Chauncey Alexander, in her work as a Non-Tipped Hourly worker for Defendants, was paid an hourly rate of $16.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

57.     At all material times, Plaintiff Chauncey Alexander, in her work for Defendants as a bar manager and human resources manager, worked approximately between 40 and 60 hours per week.

58.     At all material times, Plaintiffs, the Tipped Collective Members and the Non-Tipped Hourly Collective Members were employees of Defendants as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

59.     At all material times, Plaintiffs, the Tipped Class Members and the Non-Tipped Hourly Class Members were employees of Defendants as defined in ARS § 23-362(A).

60.     At all material times, Defendant Golden Margarita, LLC was a limited liability company duly licensed to transact business in the State of Arizona.

61.     Defendant Golden Margarita, LLC does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

62.     At all material times, Defendant Golden Margarita, LLC is Plaintiffs', the Tipped Collective Members', and the Non-Tipped Hourly Collective Members' "employer," as defined by the FLSA, 29 U.S.C. § 203(d).

63.     At all material times, Defendant Golden Margarita, LLC is Plaintiffs', the Tipped Class Members', and the Non-Tipped Hourly Collective Members' "employer," as defined by the AMWA, ARS § 23-362(A).

64.     Under the FLSA, Defendant Golden Margarita, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  At all relevant times, Defendant Golden Margarita, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Tipped Collective Members', the Tipped Class Members', the Non-Tipped Hourly Collective Members', and the Non-Tipped Hourly Class Members' employment with Defendants. Having acted in the interest of the Golden Margarita in relation to the company's employees, including Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members, Defendant Golden Margarita LLC is subject to liability under the FLSA.

65.     At all material times, Defendant Ardor Concepts LLC was a limited liability company duly licensed to transact business in the State of Arizona.

66.     Defendant Ardor Concepts LLC does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

67.     At all material times, Defendant Ardor Concepts LLC is Plaintiffs', the Tipped Collective Members', and the Non-Tipped Hourly Collective Members' "employer," as defined by the FLSA, 29 U.S.C. § 203(d).

68.     At all material times, Defendant Ardor Concepts LLC is Plaintiffs', the Tipped Class Members', and the Non-Tipped Hourly Collective Members' "employer," as defined by the AMWA, ARS § 23-362(A).

69.     Under the FLSA, Defendant Ardor Concepts LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

an employer in relation to an employee.  At all relevant times, Defendant Ardor Concepts LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Tipped Collective Members', the Tipped Class Members', the Non-Tipped Hourly Collective Members', and the Non-Tipped Hourly Class Members' employment with Defendants.  Having acted in the interest of the Golden Margarita in relation to the company's employees, including Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members, Defendant Ardor Concepts LLC is subject to liability under the FLSA.

70.     Defendant Saraj Gem Ray and Jane Doe Ray are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Saraj Gem Ray and Jane Doe Ray are owners of the Golden Margarita and were at all relevant times Plaintiffs', the Tipped Collective Members', the Tipped Class Members', the Non-Tipped Hourly Collective Members', and the Non-Tipped Hourly Class Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

71.     Under the FLSA, Defendants Saraj Gem Ray and Jane Doe Ray are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Saraj Gem Ray and Jane Doe Ray are the owners of the Golden Margarita.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Tipped Collective Members', the Tipped Class Members', the Non-Tipped Hourly Collective Members', and the Non-Tipped Hourly Class Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Saraj Gem Ray and Jane Doe Ray are subject to individual liability under the FLSA and the AMWA.

72.    At all material times, Defendants Saraj Gem Ray and Jane Doe Ray are Plaintiffs', the Tipped Collective Members', and the Non-Tipped Hourly Collective Members' "employer," as defined by the FLSA, 29 U.S.C. § 203(d).

73.    At all material times, Defendant Saraj Gem Ray and Jane Doe Ray are Plaintiffs', the Tipped Class Members', and the Non-Tipped Hourly Class Members' "employer," as defined by the AMWA, ARS § 23-362(A).

74.    Upon information and belief, Defendants Saraj Gem Ray and Jane Doe Ray determined the rates of pay for Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members.

75.    Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

76.    Defendants, and each of them, are sued in both their individual and corporate capacities.

77.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members.

78.     At all relevant times, Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

79.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

80.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

81.     At all relevant times, Defendants were and continue to be "employers" as defined by AMWA, ARS § 23-362(B).

82.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs', the Tipped Collective Members', the Tipped Class Members', the Non-Tipped Hourly Collective Members', and the Non-Tipped Hourly Class Members' work and wages at all relevant times.

83.     At all relevant times, Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

84. At all relevant times, Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

85. At all relevant times, all Defendants were joint employers of Plaintiffs, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

86. Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

87. Defendants Saraj Gem Ray and Jane Doe Ray are the owners of Defendants Golden Margarita LLC and Ardor Concepts LLC.

## STATEMENT OF FACTS

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

-18-

89.     Defendants paid Plaintiffs and the Tipped Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

90.     Defendants paid their tipped employees–including Plaintiffs and the Tipped Class Members–sub-minimum, tip-credit wages without informing them of 29 U.S.C. § 203(m) and its supporting regulations.

91.     Specifically, Defendants did not provide FLSA-required tip credit notice to Plaintiff Megan Krajewski or the Tipped Collective Members or the Tipped Class Members before they began working for Defendants as a server or during the time they worked for Defendants as servers.

92.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions of, and thus cannot avail themselves of the tip-credit provisions of, the FLSA and 29 U.S.C. § 203(m) and its supporting regulations.

93.     Defendants paid Plaintiff Megan Krajewski and the Tipped Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the AMWA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of ARS § 23-363 and AAC § R20-5-1207(c).

94.     Defendants paid their tipped employees–including Plaintiff Megan Krajewski and the Tipped Class Members–sub-minimum, tip-credit wages without

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

informing them in writing of the tip-credit provisions of the AMWA, in violation of AAC § R20-5-1207(c).

95.     Specifically, Defendants did not provide AMWA-required tip credit notice to Plaintiff Megan Krajewski before she began working for Defendants as a server or during the time she worked for Defendants as a server.

96.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions of, and thus cannot avail themselves of the tip-credit provisions of, the AMWA and AAC § R20-5-1207(c).

97.     Defendants did not allow Plaintiff Megan Krajewski and the Tipped Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m) and the CAA.

98.     Defendants did not allow Plaintiff Megan Krajewski and the Tipped Collective Members to retain all tips they earned because they subjected Plaintiffs and the Tipped Collective Members to Defendants' policy and practice of deducting 25 percent of all credit card tips they earned and redirecting them to Defendants.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m) and the CAA.

99.     In addition, Defendants engaged in the regular policy and practice of requiring Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the FLSA, 29 U.S.C. § 203(m) and the CAA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

100.    Defendants did not allow Plaintiff Megan Krajewski and the Tipped Collective Members to retain all tips they earned because they subjected Plaintiffs and the Tipped Collective Members to Defendants' policy and practice of deducting 25 percent of all credit card tips they earned and redirecting them to Defendants.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of the AMWA, ARS § 23-363.

101.    In addition, Defendants engaged in the regular policy and practice of requiring Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the AMWA, ARS § 23-363.

102.    In the event of a cash shortage, walkout, and/or an inadvertent mistaken undercharge by an employee, Defendants would require that employee to reimburse them for the resulting deficiency straight from their tips or their paycheck.

103.    Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members–to their policy and practice of failing to pay timely, or at all, their regular paychecks.

104.    Specifically, Defendants regularly failed to pay Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members timely, or at all.

105.    Such failure by Defendants violated the FLSA, 29 U.S.C. § 206 and the AMWA, ARS § 23-363.

106.    In addition, on or about early 2022, Defendants initiated a policy and practice under which, if any employee quit his or her job without providing Defendants a two-week notice, Defendants withheld that employee's final paycheck for a minimum of 30 days.

107.    Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members–to their policy and practice of using a biweekly, 80-hour threshold for paying overtime instead of the FLSA-required 40-hour workweek standard.

108.    In a given workweek, and during each and every workweek during which Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members worked for Defendants, Defendants failed to pay overtime properly.

109.    As such, Defendants subjected Plaintiff Megan Krajewski, the Tipped Collective Members, and the Tipped Class Members to their policy and practice of failing to pay overtime for all hours worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

110.    Defendants subjected all of their Non-Tipped Hourly Employees–including Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members–to their policy and practice of failing to pay timely, or at all, their regular paychecks.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

111.   Specifically, Defendants regularly failed to pay Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members timely, or at all.

112.   Such failure by Defendants violated the FLSA, 29 U.S.C. § 206 and the AMWA, ARS § 23-363, and ARS § 23-350.

113.   In addition, on or about early 2022, Defendants initiated a policy and practice under which, if any employee quit his or her job without providing Defendants a two-week notice, Defendants withheld that employee's final paycheck for a minimum of 30 days.

114.   Defendants subjected all of their Non-Tipped Hourly Employees–including Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members –to their policy and practice of using a biweekly, 80-hour threshold for paying overtime instead of the FLSA-required 40-hour workweek standard.

115.   In a given workweek, and during each and every workweek during which Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members worked for Defendants, Defendants failed to pay them overtime properly.

116.   As such, Defendants subjected Plaintiff Chauncey Alexander, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members to their

policy and practice of failing to pay overtime for all hours worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

### FLSA COLLECTIVE ACTION ALLEGATIONS

117.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

118.   Plaintiffs brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

119.   Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated Tipped Employees and Non-Tipped Hourly Employees employed by Defendants at any time three years before the filing of this Complaint through the present.

120.   Plaintiffs seek to notify the following subclasses employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **Tipped Collective Members**: All individuals who worked at any time for Defendants as Tipped Employees – those individuals who were paid less than the full, applicable Arizona minimum wage on account of their receipt of tips – starting three years before this lawsuit was filed up to the present.

> **Non-Tipped Hourly Collective Members**: All individuals who worked at any time for Defendants as Non-Tipped Hourly Employees – those individuals who were paid at an hourly rate at or above the full, applicable Arizona Minimum Wage – starting three years before this lawsuit was filed up to the present.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

121.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

122.    Upon information and belief, Defendants have employed more than 100 employees to whom either or both subclass description apply during the period relevant to this action.

123.    The identities of these employees, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

124.    Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

125.    Collective adjudication is appropriate in this case because the employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## **ARIZONA CLASS ACTION ALLEGATIONS**

126.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

127.    Plaintiffs brings their Arizona wage claims as a Rule 23 class action on behalf of the following subclasses:

> **Tipped Class Members: All individuals who worked at any time for Defendants as Tipped Employees – those individuals who were paid less than the full, applicable Arizona minimum wage on account of their receipt of tips – starting three years before this lawsuit was filed up to the present.**

> **Non-Tipped Hourly Collective Members: All individuals who worked at any time for Defendants as Non-Tipped Hourly Employees – those individuals who were paid at an hourly rate at or above the full, applicable Arizona Minimum Wage – starting three years before this lawsuit was filed up to the present.**

128.    <u>Numerosity</u>.  The number of Class Action Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendants.

129.    <u>Typicality</u>.  Plaintiffs' claims are typical of both subclasses of Class Action Members because like the Class Action Members, Plaintiffs were subject to Defendants'

uniform policies and practices and were compensated in the same manner as the other Class Action Members.  Defendants regularly failed to Plaintiffs and the Class Action Members on time or at all, refused to pay overtime to Plaintiffs and the Class Action Members unless they hit the 80-hour threshold, withheld Plaintiffs' and the Class Action Members' tips, and caused Plaintiffs and the Class Action Members to incur substantially identical payroll deductions.  As a result, Defendants failed to pay Plaintiffs and the Class Action Members minimum wage for hours worked.

130.    As a result of such policies and practices by Defendants, Defendants violated the minimum wage provisions of ARS §§ 23-363 and 23-350.

131.    <u>Adequacy</u>.  Plaintiffs are representative parties who will fairly and adequately protect the interests of the Class Action Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the Class Action Members they seek to represent.

132.    <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

        a.    Whether Defendants paid Plaintiffs and the Class Action Members their paychecks late or at all;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

b.      Whether Defendants failed to pay Plaintiffs and the Class Action Members the minimum wage for all hours worked; and

c.      Whether Defendants subjected Plaintiffs and the Class Action Members to the wage deductions of which they complain.

133.    Common issues of law include, but are not limited to:

a.   Whether Defendants properly paid all minimum wages due and owing to Plaintiffs and the Class Action Members;

b.   Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs and the Class Action Members;

c.   Whether Plaintiffs and the Class Action Members are entitled to compensatory damages;

d.   The proper measure of damages sustained by Plaintiffs and the Class Action Members; and

e.   Whether Defendants' actions were "willful."

134.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

135.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identities of the Class Action Members are readily identifiable from Defendants' records.

136.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

137.    Ultimately, a class action is a superior forum to resolve the Arizona state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Class Action Members according to applicable Arizona laws.

138.    The AMWA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act.  ARS § 23-363.  As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the AMWA.  Accordingly, the Court should require appropriate notice of this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

139.    <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**COUNT ONE: FLSA – MINIMUM WAGE**
**TIPPED COLLECTIVE MEMBERS**
**FAILURE TO GIVE TIP CREDIT NOTICE**

140.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.    Defendants did not inform Plaintiff Megan Krajewski or the Tipped Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

142.    As a result, Defendants were not entitled to take a tip credit against Plaintiff Megan Krajewski's or the Tipped Collective Members' minimum wages.

143.    Defendants failed and/or refused to pay Plaintiff Megan Krajewski or the Tipped Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff Megan Krajewski and the Tipped Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

144.    As such, full applicable minimum wage for such time Plaintiff Megan Krajewski and the Tipped Collective Members worked is owed to Plaintiff Megan Krajewski and the Tipped Collective Members for the entire time they were employed by Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

145.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Megan Krajewski and the Tipped Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

146.     Plaintiff Megan Krajewski and the Tipped Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: AMWA**
**TIPPED CLASS MEMBERS**
**FAILURE TO GIVE TIP CREDIT NOTICE**

147.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

148.     Defendants did not inform Plaintiff Megan Krajewski or the Tipped Class Members of the provisions of the "tip credit" in ARS § 23-363 and AAC § R20-5-1207(c).

149.     Defendants did not inform Plaintiff Megan Krajewski or the Tipped Class Members in writing of the provisions of the "tip credit" in ARS § 23-363 and AAC § R20-5-1207(c).

150.     As a result, Defendants were not entitled to take a tip credit against Plaintiff Megan Krajewski's or the Tipped Class Members' minimum wages.

151.     Defendants failed and/or refused to pay Plaintiff Megan Krajewski and the Tipped Class Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff Megan Krajewski and the Tipped Class Members worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

152.     As such, full applicable minimum wage for such time Plaintiff Megan Krajewski and the Tipped Class Members worked is owed to Plaintiff Megan Krajewski and the Tipped Class Members for the entire time they were employed by Defendants.

153.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Megan Krajewski or the Tipped Class Members the full minimum wage over the course of their employment would violate state and federal law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff Megan Krajewski's and the Tipped Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

154.    Plaintiff Megan Krajewski and the Tipped Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FLSA – MINIMUM WAGE
### TIPPED COLLECTIVE MEMBERS
### IMPROPER TIP RETENTION

155.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

156.    Defendants did not allow Plaintiff Megan Krajewski and the Tipped Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

157.    Defendants did not allow Plaintiff Megan Krajewski and the Tipped Collective Membersto retain all tips they earned because they subjected Plaintiffs and the Tipped Collective Members to Defendants' policy and practice of deducting 25 percent of all credit card tips they earned and redirecting them to Defendants.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m) and the CAA.

158.    In addition, Defendants engaged in the regular policy and practice of requiring Plaintiff Megan Krajewski and the Tipped Collective Members to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the FLSA, 29 U.S.C. § 203(m) and the CAA.

159.    Defendants therefore failed and/or refused to allow Plaintiffs and the Tipped Collective Members to retain all tips they earned according to the provisions of the FLSA for each and every workweek that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

160.    Defendants knew that – or acted with reckless disregard as to whether – their failure to allow Plaintiff Megan Krajewski and the Tipped Collective Members all tips they earned over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Megan Krajewski's and the Tipped Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

161.    Plaintiff Megan Krajewski and the Tipped Collective Members are therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Collective Members' favor, and against Defendants for compensation for retained, unpaid tips, plus

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-34-

liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT FOUR: AMWA**
**TIPPED CLASS MEMBERS**
**IMPROPER TIP RETENTION**

162.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

163.    Defendants did not allow Plaintiff Megan Krajewski and the Tipped Class Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

164.    Defendants did not allow Plaintiff Megan Krajewski and the Tipped Class Members to retain all tips they earned because they subjected Plaintiff Megan Krajewski and the Tipped Class Members to Defendants' policy and practice of deducting 25 percent of all credit card tips they earned and redirecting them to Defendants.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of the AMWA, ARS § 23-363.

165.    In addition, Defendants engaged in the regular policy and practice of requiring Plaintiff Megan Krajewski and the Tipped Class Members to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the AMWA, ARS § 23-363.

166.    Defendants therefore failed and/or refused to allow Plaintiffs and the Tipped Class Members to retain all tips they earned according to the provisions of the AMWA for

each and every workweek that they worked for Defendants, for the duration of their employment, in violation of the AMWA, ARS § 23-363.

167.    Defendants knew that – or acted with reckless disregard as to whether – their failure to allow Plaintiff Megan Krajewski and the Tipped Class Members all tips they earned over the course of their employment would violate federal law, and Defendants were aware of the AMWA minimum wage requirements during Megan Krajewski's and the Tipped Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

168.    Plaintiff Megan Krajewski and the Tipped Class Members are therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Class Members' favor, and against Defendants for compensation for retained, unpaid tips, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: FLSA – MINIMUM WAGE
### TIPPED COLLECTIVE MEMBERS
### IMPROPER DEDUCTIONS FROM PAYCHECKS

169.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

170.    Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski and the Tipped Collective Members–to their policy and practice of charging all of their Tipped Employees to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the FLSA, 29 U.S.C. § 206.

171.    In the event of a cash shortage, walkout, and/or an inadvertent mistaken undercharge by an employee, Defendants would require that employee to reimburse them for the resulting deficiency straight from their tips or their paycheck.

172.    Such policy and practice on Defendants' part violated the FLSA because the deductions from Plaintiff Megan Krajewski's and the Tipped Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

173.    As such, Defendants therefore failed and/or refused to pay Plaintiff Megan Krajewski and the Tipped Collective Members the full minimum wage according to the provisions of the FLSA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

174.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Megan Krajewski and the Tipped Collective Members the full applicable minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Megan Krajewski's and the Tipped Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

175.   Plaintiff Megan Krajewski and the Tipped Collective Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT SIX: AMWA
### TIPPED CLASS MEMBERS
### IMPROPER DEDUCTIONS FROM PAYCHECKS

176.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

177.   Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski and the Tipped Class Members–to their policy and practice of charging all of their Tipped Employees to reimburse Defendants for cash shortages, walkouts, and/or inadvertent mistakes committed by tipped employees in charging for food or beverages, in violation of the AMWA, ARS § 23-363.

178.   In the event of a cash shortage, walkout, and/or an inadvertent mistaken undercharge by an employee, Defendants would require that employee to reimburse them for the resulting deficiency straight from their tips or their paycheck.

179.   Such policy and practice on Defendants' part violated the AMWA because the deductions from Plaintiff Megan Krajewski's and the Tipped Class Members' paychecks brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

180.   As such, Defendants therefore failed and/or refused to pay Plaintiff Megan Krajewski and the Tipped Class Members the full minimum wage according to the provisions of the AMWA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

181.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Megan Krajewski and the Tipped Class Members the full applicable minimum wage over the course of their employment would violate state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff Megan Krajewski's and the Tipped Class Members' employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

182.   Plaintiff Megan Krajewski and the Tipped Class Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SEVEN: AMWA – MINIMUM WAGE
## TIPPED CLASS MEMBERS
## EXCESSIVE TIP CREDIT

183.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

184.    Defendants subjected Plaintiff Megan Krajewski and the Tipped Class Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

185.    Specifically, Defendants subjected Plaintiff Megan Krajewski and the Tipped Class Members to their policy of calculating their tipped employees' overtime rates by multiplying the applicable tip credit rates of pay by one and one-half times, rather than multiplying the full applicable minimum wages by one and one-half and then subtracting the available tip credits.

186.    Such practices resulted in Defendants imposing tip credits upon Plaintiff Megan Krajewski and the Tipped Class Members that exceeded the permissible $3.00 per hour under Arizona law and the FLSA.

187.    Defendants knew that – or acted with reckless disregard as to whether – their imposition of a tip credit that exceeded $3.00 on the wages of Plaintiff Megan Krajewski and the Tipped Class Members would violate federal and state law, and Defendants were aware of the FLSA and Arizona minimum wage requirements during Plaintiff Megan Krajewski and the Tipped Class Members employment with Defendants. As such, Defendants' conduct constitutes a willful violation of the AMWA.

188.    Defendants have and continue to willfully violate the AMWA by imposing an excessive tip credit upon the wages of Plaintiff Megan Krajewski and the Tipped Class Membersfor all time Plaintiff Megan Krajewski and the Tipped Class Members spent working for Defendants.

189.    Plaintiff Megan Krajewski and the Tipped Class Members are therefore entitled to compensation for the difference between wages paid and the applicable minimum overtime rate for all hours worked, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney's fees.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT EIGHT: FLSA – MINIMUM WAGE
## TIPPED COLLECTIVE MEMBERS
## UNTIMELY AND UNPAID PAYCHECKS

190.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

191.    Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski and the Tipped Collective Members–to their policy and practice of failing to pay timely, or at all, their regular paychecks.

192.    In a given workweek, Defendants failed to pay Plaintiff Megan Krajewski and the Tipped Collective Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Megan Krajewski and the Tipped Collective Members timely, or at all.

193.    As a result of failing to timely, if at all, pay Plaintiff Megan Krajewski and the Tipped Collective Members their paychecks in a given workweek, Defendants willfully failed or refused to pay the FLSA-mandated minimum wage.

194.    Such failure by Defendants violated the FLSA, 29 U.S.C. § 206.

195.    Defendant's practice of willfully failing or refusing to pay Plaintiff Megan Krajewski and the Tipped Collective Members at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

196.    Plaintiff Megan Krajewski and the Tipped Collective Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT NINE: AMWA – MINIMUM WAGE
### TIPPED CLASS MEMBERS
### UNTIMELY AND UNPAID PAYCHECKS

197.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

198.    Defendants subjected all of their Tipped Employees–including Plaintiff Megan Krajewski and the Tipped Class Members–to their policy and practice of failing to pay timely, or at all, their regular paychecks.

199.    In a given workweek, Defendants failed to pay Plaintiff Megan Krajewski and the Tipped Class Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Megan Krajewski and the Tipped Class Members timely, or at all.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

200.   As a result of failing to timely, if at all, pay Plaintiff Megan Krajewski and the Tipped Class Members their paychecks in a given workweek, Defendants willfully failed or refused to pay the AMWA-mandated minimum wage.

201.   Such failure by Defendants violated the AMWA, ARS § 23-363.

202.   Defendant's practice of willfully failing or refusing to pay Plaintiff Megan Krajewski and the Tipped Class Members at the required minimum wage rate violated the AMWA, ARS § 23-363.

203.   Plaintiff Megan Krajewski and the Tipped Class Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TEN: FLSA – OVERTIME
### TIPPED COLLECTIVE MEMBERS
### IMPROPER TIP CREDIT RATE AND 80-HOUR OVERTIME THRESHOLD

204.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

205.   Defendants subjected Plaintiff Megan Krajewski and the Tipped Collective Members to their policy of calculating their Tipped Employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.  Therefore, Defendants subjected Plaintiff Megan Krajewski and the Tipped Collective Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207.

206.   Such a practice resulted in Defendants imposing a tip credit upon Plaintiff and the Collective Members that exceeded the permissible $3.00 per hour under Arizona law and the FLSA.

207.   Furthermore, Defendants engaged in the regular practice of using an 80-hour biweekly threshold for paying overtime instead of the FLSA-required weekly 40-hour workweek standard.

208.   Such a policy and practice on the part of Defendants resulted in Plaintiff Megan Krajewski and the Tipped Collective Members not receiving an overtime premium for all time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

209.   Defendants knew that – or acted with reckless disregard as to whether – such conduct on their part would violate federal law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff Megan Krajewski's

and the Tipped Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Megan Krajewski's and the Tipped Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT ELEVEN: FLSA – MINIMUM WAGE
### NON-TIPPED HOURLY COLLECTIVE MEMBERS
### UNTIMELY AND UNPAID PAYCHECKS

210. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

211. Defendants subjected all of their Non-Tipped Hourly Employees–including Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members–to their policy and practice of failing to pay timely, or at all, their regular paychecks.

212. In a given workweek, Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members timely, or at all.

213.   As a result of failing to timely, if at all, pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members their paychecks in a given workweek, Defendants willfully failed or refused to pay the FLSA-mandated minimum wage.

214.   Such failure by Defendants violated the FLSA, 29 U.S.C. § 206.

215.   Defendant's practice of willfully failing or refusing to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

216.   Plaintiff Chauncey Alexander and the Non-Tipped Hourly Collective Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Chauncey Alexander's and the Non-Tipped Hourly Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWELVE: AMWA – MINIMUM WAGE
### NON-TIPPED HOURLY CLASS MEMBERS
### UNTIMELY AND UNPAID PAYCHECKS

217.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

-47-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

218.    Defendants subjected all of their Non-Tipped Hourly Employees–including Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members –to their policy and practice of failing to pay timely, or at all, their regular paychecks.

219.    In a given workweek, Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members timely, or at all.

220.    As a result of failing to timely, if at all, pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members their paychecks in a given workweek, Defendants willfully failed or refused to pay the AMWA-mandated minimum wage.

221.    Such failure by Defendants violated the AMWA, ARS § 23-363.

222.    Defendant's practice of willfully failing or refusing to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members at the required minimum wage rate violated the AMWA, ARS § 23-363.

223.    Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Chauncey Alexander's and the Non-Tipped Hourly

Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THIRTEEN: AWA – UNPAID WAGES
### NON-TIPPED HOURLY COLLECTIVE MEMBERS
### UNTIMELY AND UNPAID PAYCHECKS

224. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

225. Defendants subjected all of their Non-Tipped Hourly Employees–including Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members –to their policy and practice of failing to pay timely, or at all, their regular paychecks.

226. In a given workweek, Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members their paychecks on time, or, if they did, such paychecks would often return as having nonsufficient funds, such that Defendants failed to pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members timely, or at all.

227. As a result of failing to timely, if at all, pay Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members their paychecks in a given workweek, Defendants willfully failed or refused to pay wages due and owing.

228. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

229.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members for the entire time they were employed by Defendants.

230.    Plaintiff Chauncey Alexander and the Non-Tipped Hourly Class Members are therefore entitled to compensation wages due and owing at an hourly rate, to be proven at trial, in an amount that is treble the amount of their unpaid wages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Chauncey Alexander's and the Non-Tipped Hourly Class Members' favor, and against Defendants for compensation for unpaid wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOURTEEN: FLSA – OVERTIME
## NON-TIPPED HOURLY COLLECTIVE MEMBERS
## IMPROPER 80-HOUR OVERTIME THRESHOLD

231.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

232.    Defendants engaged in the regular practice of using an 80-hour biweekly threshold for paying overtime instead of the FLSA-required weekly 40-hour workweek standard.

233.    Such a policy and practice on the part of Defendants resulted in Plaintiff Chauncey Alexander and the Non-Tipped Collective Members not receiving an overtime premium for all time they spent working in excess of 40 hours in a given workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

234.    Defendants knew that – or acted with reckless disregard as to whether – such conduct on their part would violate federal law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff Chauncey Alexander's and the Tipped Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Chauncey Alexander and Megan Krajewski, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Chauncey Alexander's and the Non-Tipped Hourly Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th Day of May, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs and*
*Opt-In Plaintiffs*