WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chauncey Alexander, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Golden Margarita LLC, et al.,<br><br>    Defendants. | No. CV-22-00781-PHX-DWL<br><br>**ORDER** |

    This is a class and collective action under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") brought by Chauncey Alexander and Megan Krajewski (together, "Plaintiffs"), two former employees of a now-defunct restaurant and bar known as The Golden Margarita ("GM"). Defendants are the entities, Golden Margarita LLC and Ardor Concepts LLC, and individuals, Saraj Gem Ray ("Ray") and Jane Doe Ray, who owned and operated GM. In an unusual twist, Golden Margarita LLC and Ray have asserted various counterclaims against Plaintiffs premised on the notion that Plaintiffs themselves—in their capacities as the payroll coordinator (Alexander) and lead server (Krajewski) at GM—were responsible for causing GM to engage in the conduct that now gives rise to Plaintiffs' wage claims.

    On February 8, 2023, the Court denied Plaintiffs' motion to dismiss the counterclaims for lack of subject-matter jurisdiction. (Doc. 38.) Plaintiffs now ask the Court to certify the denial of their motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 40.) For the following reasons, the certification request is denied.

**DISCUSSION**

I. <u>Legal Standard</u>

The statute invoked in Plaintiffs' motion, 28 U.S.C. § 1292(b), provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id.* As the Ninth Circuit has explained, "Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). To grant a § 1292(b) motion, a district court must first find "that the certification requirements of the statute have been met. These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 1026. Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.*

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Heaton v. Soc. Fin., Inc.*, 2016 WL 232433, *2 (N.D. Cal. 2016) (internal quotation marks omitted). District courts should certify non-final orders under § 1292(b) only in "rare circumstances," and "[e]ven where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (quotation marks omitted).

II. <u>Analysis</u>

Plaintiffs phrase their request for certification as follows: "Whether the Court's exercise of subject matter jurisdiction over Defendants' state law Counterclaims in this Fair Labor Standards Act action was appropriate." (Doc. 40 at 3.)

A. **Controlling Question Of Law**

An issue presents a "controlling question of law" if its resolution on appeal "could materially affect the outcome of litigation in the district court." *Cement Antitrust Litig.*, 673 F.2d at 1026. Generally speaking, a "question of law" is "a pure legal question, such that the court of appeals could decide the question quickly and cleanly without having to study the record." *Heaton*, 2016 WL 232433 at *3 (internal quotation marks omitted).

Defendants concede that subject-matter jurisdiction presents a controlling question of law. (Doc. 42 at 4 ["Golden Margarita agrees that subject matter jurisdiction is a controlling issue of law."].) The Court agrees. *Cement Antitrust Litig.*, 673 F.2d at 1026-27 ("In our view the question of privilege which the government now would have us review involves nothing as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied.") (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)).

B. **Substantial Ground For Difference Of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal quotation marks omitted). However, "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.*

Plaintiffs argue there is substantial ground for difference of opinion regarding the denial of their motion to dismiss the counterclaims because "circuit courts are split on the issue, and the Ninth Circuit has not spoken on the point." (Doc. 40 at 6.) In identifying the circuit split, Plaintiffs quote the Court's order: "The Ninth Circuit has not definitively ruled on the question of whether supplemental jurisdiction under § 1367 can cover permissive counterclaims. However, at least two circuits have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims." (*Id.* at 7, quoting Doc. 38 at 7-8.)

In response, Defendants correctly identify the error in this argument. Although the Court happened to note, in a preliminary section of the underlying order (Doc. 38 at 6-7), the unsettled nature of Ninth Circuit law regarding jurisdiction over permissive counterclaims, the Court did not ultimately determine that each counterclaim was permissive. Instead, the Court concluded that each counterclaim satisfied "the logical relationship test and is a compulsory counterclaim, such that the Court may properly exercise supplemental jurisdiction over it." (*Id.* at 13 [breach of fiduciary duty]; *id.* at 14 [fraud]; *id.* at 15-16 [fraudulent concealment]; *id.* at 16-17 [constructive fraud]; *id.* at 17-19 [civil conspiracy and aiding and abetting]; *id.* at 19-20 [unjust enrichment]; *id.* at 20-21 [common law indemnity].)

The law in the Ninth Circuit is clear that a district court may properly exercise supplemental jurisdiction over a compulsory counterclaim. *See, e.g.*, *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) ("If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it even though ordinarily it would be a matter for a state court."); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) ("The traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, since a plaintiff would otherwise lose his opportunity to be heard on that claim."); *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) ("For example, if a counterclaim is compulsory, the Court has supplemental jurisdiction because a counterclaim 'which arises out of the same transaction or occurrence' as the

plaintiff's claim also necessarily arises from the same 'common nucleus of operative fact.'") (citations omitted).  Given that the state of the law is clear, there is no substantial ground for a difference of opinion.

In their reply brief, Plaintiffs make a belated attempt to identify a new legal issue as to which a substantial ground for difference of opinion may exist: "[T]hey request interlocutory review because (1) the Court improperly determined that the Counterclaims were compulsory, and (2) the Court's exercise of jurisdiction over what Plaintiffs seeks to show on appeal are permissive Counterclaims runs afoul of the purpose of [FLSA]." (Doc. 43 at 3.)  As an initial matter, this approach is impermissible as a matter of basic motions practice and fairness to the other side.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  But this new formulation would not change the Court's conclusion as to the impropriety of certification even if it had been timely and properly presented.

To determine whether a counterclaim is compulsory, courts look to whether the "counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005) (internal quotation marks omitted).  This often requires a factually intensive inquiry.  Therefore, Plaintiffs' reliance on other, factually dissimilar cases from the District of Arizona finding certain counterclaims to be permissive is not proof that there are substantial grounds for disagreement on "a controlling issue of law" here.

For example, although Plaintiffs suggest that *Vazquez v. Dan Keen Services Inc.*, 2021 WL 2043025 (D. Ariz. 2021), supports their request for certification, the Court took pains in the underlying order to explain that "the core allegation underlying the fiduciary duty counterclaim (*i.e.*, Plaintiffs concocted the scheme of improper payment)" in this case "is unlike the factually distinct event in *Vazquez* (*i.e.*, misuse of company property for a 'side hustle' and unrelated time theft) and instead is closely related to Plaintiffs' wage

claims." (Doc. 38 at 13.) Further, the allegations here—that the lead Plaintiffs caused the FLSA violations—affect the class claims more generally. *Cf. Lou v. Ma Lab'ys, Inc.*, 2013 WL 3989425, *3 (N.D. Cal. 2013) ("If it were specifically alleged in the counterclaim that the alleged misconduct was particular to the class proceeding itself, there would be a stronger nexus between the counterclaim and the class allegations.").

Additionally, in *Vazquez*, the counterclaims for theft and fraud were dismissed on the alternative ground that "[e]ven if there were a greater nexus between Plaintiff's claim and Defendants' counterclaim, policy considerations nevertheless compel the Court to decline to exercise jurisdiction." 2021 WL 2043025, at *2.[1]  But one court's discretionary decision to decline to exercise jurisdiction under § 1367(c) does not create substantial grounds for disagreement as to whether a different court's discretionary decision to exercise jurisdiction, under dissimilar facts, was erroneous.

*Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983), on which Plaintiffs rely (Doc. 40 at 9), does not compel a different conclusion. There, the Secretary of Labor

---

[1] Every District of Arizona case cited by Plaintiffs (Doc. 40 at 9) includes the disclaimer that the reviewing court would have made a discretionary decision to decline to exercise supplemental jurisdiction even if jurisdiction were otherwise available. *Troung v. Garden View Townhomes LLC*, 2020 WL 108644, *2 (D. Ariz. 2020) ("Furthermore, even if there were a greater nexus between Plaintiff's claims and Mr. Janowiak's counterclaims, policy considerations weigh against exercising jurisdiction."); *Martinez v. PM&M Elec. Inc.*, 2019 WL 450870, *6 (D. Ariz. 2019) ("[E]ven if the Court had supplemental jurisdiction over Titan's counterclaims, it would decline to exercise jurisdiction on the circumstances presented in this case."); *Ripley v. PMD Dev. LLC*, 2018 WL 4931750, *2 (D. Ariz. 2018) ("Alternatively, even if the counterclaims are sufficiently related to confer supplemental jurisdiction, there are compelling reasons to decline supplemental jurisdiction under § 1367(c)(4)."); *Ader,* 324 F. Supp. 3d at 1052 n.3 ("Even if the Court had supplemental jurisdiction over SMI's counterclaims, it would decline to exercise that jurisdiction pursuant to § 1367(c)(4)."); *Poehler v. Fenwick*, 2015 WL 7299804, *2 (D. Ariz. 2015) ("Even if the employment nexus is sufficient to confer jurisdiction, the court concludes that there are compelling reasons to decline supplemental jurisdiction under § 1367(c)(4) in this FLSA case."); *Palmer v. Franks*, 2015 WL 5561299, *2 (D. Ariz. 2015) ("Moreover, even if the Court found that grounds for supplemental jurisdiction existed, denial would still be proper [under § 1367(c)]."). *See also Cruz v. Don Pancho Market, LLC*, 167 F. Supp. 3d 902, 906-07 (W.D. Mich. 2016) ("[E]ven in the presence of proper jurisdiction, the Court would decline to exercise supplemental jurisdiction as the facts and law concerning unrelated counts of breach of contract, fraud, and conversion would 'substantially predominate[] over the [FLSA] claim[s].'") (citations omitted); *Cordero v. Voltaire, LLC*, 2013 WL 6415667, *6 (W.D. Tex. 2013) ("Even if the counterclaims did fall within the court's supplemental jurisdiction, the Court would recommend that the district judge decline to exercise jurisdiction over them because 'there are other compelling reasons for declining jurisdiction.'").

brought an FLSA action "to enjoin [an employer] from violating the overtime and record-keeping provisions of the Act, and to enjoin the continued withholding by the [employer] of unpaid wages due as overtime pay." 717 F.2d at 1321. The employer, in turn, sought to pursue "set-offs, counterclaims, and third-party complaints based upon claims that two of his employees allegedly owed him money for sums which he had advanced to them and that certain employees were liable to him in tort for acts of sabotage." *Id.* at 1323. The district court declined to entertain those claims, for reasons that are not specified, and the Tenth Circuit affirmed, holding that "the purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [The employer] is free to sue his employees in state court, as we are advised he is doing, for any sum which he feels is due and owing him." *Id.* Given the many and obvious differences between this case and *Donovan*, the Court is unpersuaded that *Donovan* creates substantial ground for difference of opinion as to the propriety of the result reached here—this is not an action brought by the Secretary of Labor to enforce a public right, *Donovan* fails to specify whether the district court's refusal to consider the employer's counterclaims was based on a determination that they were not compulsory or was instead a matter of discretion, and it doesn't appear that the employer's theory in *Donovan* was that the putative counter-defendants were personally responsible for causing the employer to engage in the conduct giving rise to FLSA liability.

       This final point is worth emphasizing. As explained in the underlying order, the facts of this case are unique. (Doc. 38 at 23.) The "counterclaims are inextricably intertwined with Plaintiffs' wage claims because they all hinge, in one way or another, on the premise that Plaintiffs were responsible for causing GM to engage in the challenged payment practices. The factual allegations underlying the counterclaims also directly conflict with Plaintiffs' contention that Defendants' alleged violations of the FLSA were willful. In essence, Plaintiffs and the Moving Defendants are telling two sides of the same story regarding Plaintiffs' compensation. Under these circumstances, judicial economy

and convenience would best be served by allowing Plaintiffs' claims and the Moving Defendants' counterclaims to be tried together." (*Id.*) Plaintiffs have not identified any case suggesting that it is impermissible to exercise supplemental jurisdiction over such counterclaims.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for certification (Doc. 40) is **denied**.

Dated this 11th day of April, 2023.

Dominic W. Lanza
United States District Judge